Filed 12/28/21  P. v. Laster CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075047 |
| v. | (Super. Ct. No. CR57814) |
| VENTRICE LAJUAN LASTER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Charles R. Khoury, Jr. under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

In 1995, a jury found defendant and appellant Ventrice Laster guilty of four counts of attempted murder with premeditation and deliberation (Pen. Code,[1] §§ 664, 187, subd. (a)), along with other crimes. In 2019, Senate Bill No. 1437 (Reg. Sess. 2017-2018) went into effect and now allows a defendant convicted of murder to petition a court under section 1170.95 to have the murder conviction vacated.

The trial court denied defendant's section 1170.95 petition because defendant was convicted of attempted murder, not murder. Defendant appeals, arguing that he is entitled to relief under section 1170.95. We disagree and affirm the trial court's order.

# II.

## PROCEDURAL BACKGROUND

Defendant was charged with four counts of attempted willful, deliberate, and premeditated murder (§§ 187, 664).[2] As to each count, the information alleged, among other things, that defendant committed the offenses because of the victim's race, color, religion, nationality, country of origin, or ancestry, and while acting in concert with another person (former § 422.75, subd. (b); now § 422.75, subd. (c)). The jury found defendant guilty on all counts, found that the attempted murders were willful, deliberate,

---

[1] All further statutory references are to the Penal Code.

[2] We do not recount the facts of defendant's offenses because they are not relevant to the issues on appeal.

and premeditated, and found the hate crime enhancements true.  The trial court sentenced defendant to four consecutive indeterminate life terms, plus 20 years.

In 2019, defendant filed a section 1170.95 petition for resentencing.  The trial court denied the petition, finding that defendant was not entitled to relief because he was convicted of attempted murder, not murder.

III.

DISCUSSION

Defendant argues the trial court erroneously denied his petition because Senate Bill No. 1437 applies to convictions for attempted murder.  We disagree.

A. *Senate Bill No. 1437*

Senate Bill No. 1437, which took effect on January 1, 2019, "limit[ed] accomplice liability under the natural and probable consequences doctrine and the felony-murder rule." (*People v. Cruz* (2020) 46 Cal.App.5th 740, 755; *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 246 (*Lamoureux*); *People v. Munoz* (2019) 39 Cal.App.5th 738, 749, review granted Nov. 26, 2019, S258234.)  Before Senate Bill No. 1437's enactment, under the felony murder rule "a defendant who intended to commit a specified felony could be convicted of murder for a killing during the felony, or attempted felony, without further examination of his or her mental state." (*Lamoureux*, *supra*, at pp. 247-248; *People v. Chun* (2009) 45 Cal.4th 1172, 1182.)  "'The felony-murder rule impute[d] the requisite malice for a murder conviction to those who commit[ted] a homicide during the

3

perpetration of a felony inherently dangerous to human life.'" (*People v. Chun*, *supra*, at p. 1184; *Lamoureux*, *supra*, at p. 248.)

Similarly, under the natural and probable consequences doctrine, a defendant was "liable for murder if he or she aided and abetted the commission of a criminal act (a target offense), and a principal in the target offense committed murder (a nontarget offense) that, even if unintended, was a natural and probable consequence of the target offense." (*Lamoureux*, *supra*, 42 Cal.App.5th at p. 248; *People v. Chiu* (2014) 59 Cal.4th 155, 161-162.) "'"Because the nontarget offense [was] unintended, the mens rea of the aider and abettor with respect to that offense [was] irrelevant and culpability [was] imposed simply because a reasonable person could have foreseen the commission of the nontarget crime."'" (*People v. Flores* (2016) 2 Cal.App.5th 855, 868.)

Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

"Senate Bill No. 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice and by amending section 189 to state that a person can only be liable for felony murder if (1) the 'person was the actual killer'; (2) the person was an aider or abettor in the commission of murder in the first degree; or (3) the 'person was a major participant in the underl[y]ing felony and acted with reckless

4

indifference to human life.'"  (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 57, review granted Mar. 18, 2020, S260410.)[3]

B.  *The Court Properly Denied Defendant's Section 1170.95 Petition*

The overwhelming majority of appellate courts, including this court, have held that "[b]y its plain language, section 1170.95 . . . makes resentencing relief available only to qualifying persons convicted of murder."  (See e.g., *People v. Sanchez* (2020) 48 Cal.App.5th 914, 918 (*Sanchez*); *People v. Harris* (2021) 60 Cal.App.5th 557, 563 (*Harris*) ["[S]ection 1170.95 does not provide relief for those convicted of . . . attempted murder."]; *People v. Larios* (2019) 42 Cal.App.5th 956, 970, review granted Feb. 26, 2020, S259983 ["[T]he relief provided in section 1170.95 is limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder."]; *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1105, review granted Nov. 13, 2019, S258175 ["The plain language meaning of Senate Bill No. 1437 as excluding any relief for individuals convicted of attempted murder is fully supported by its legislative history."]; *People v. Munoz*, *supra*, 39 Cal.App.5th at p. 753 ["Senate Bill No. 1437 does not apply to attempted murder."]; *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1018, review granted Mar. 11, 2020, S259948 ["[T]he relief provided in section 1170.95 is limited to certain murder convictions and excludes all other convictions, including a conviction for attempted murder."]; *People v. Dennis* (2020) 47 Cal.App.5th 838, 841,

---

[3]  We may rely on cases pending before the Supreme Court as persuasive authority while review is pending.  (Cal. Rules of Court, rule 8.1115(e)(1).)

review granted July 29, 2020, S262184 ["Senate Bill No. 1437 . . . reaches the crime of murder but has no application to attempted murder."]; *People v. Love* (2020) 55 Cal.App.5th 273, 286, review granted Dec. 16, 2020, S265445 ["In our view, Senate Bill No. 1437's legislative history pretty clearly establishes that its amendments apply to the crime of murder and to that crime alone."]; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 223 ["Senate Bill No. 1437 does not apply to attempted murder."].)  We agree with the previous panels of this court in *Sanchez*, *supra*, 48 Cal.App.5th 914 and *Harris*, *supra*, 60 Cal.App.5th 557, which held that defendants convicted of attempted murder are not entitled to relief under section 1170.95.  We therefore conclude the trial court properly denied defendant's section 1170.95 petition.

We disagree with defendant that interpreting the statute to disallow claims for relief for individuals convicted of anything but the specified murder convictions leads to an absurd result.  This argument has been considered and rejected by this court, and we reject it again here for the reasons explained in *Harris* and *Sanchez*. (*Harris*, *supra*, 60 Cal.App.5th at p. 565; *Sanchez*, *supra*, at pp. 918-919.)

We likewise reject defendant's argument that construing section 1170.95 as excluding attempted murder violates equal protection principles.  As this court has explained, "[g]iven that the punishment for murder is much more severe than the punishment for . . . attempted murder, 'the Legislature could have reasonably concluded that the need to address sentencing reform was more appropriately directed at persons convicted of murder as opposed to attempted murder . . . .' [Citations.]" (*Harris*, *supra*,

60 Cal.App.5th at p. 570.) Because there is a rational basis to exclude defendants convicted of attempted murder from the ambit of section 1170.95, there is no equal protection violation. (*Ibid.*)

## IV.

## DISPOSITION

The trial court's order denying defendant's section 1170.95 petition is affirmed without prejudice to a filing a new petition under Senate Bill No. 775. The remittitur is to issue forthwith.[4]

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>CODRINGTON</u>
J.

We concur:

<u>McKINSTER</u>
Acting P. J.

<u>FIELDS</u>
J.

---

[4] At oral argument, the parties' counsel stipulated to an immediate issuance of the remittitur.